Amber S. Finch (SBN 222321)
EMAIL: AFINCH@REEDSMITH.COM
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Courtney C. T. Horrigan (*admitted pro hac vice*)
Email: chorrigan@reedsmith.com
Dominic I. Rupprecht (*admitted pro hac vice*)
Email: drupprecht@reedsmith.com
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: +1 412 288 3131
Facsimile: +1 412 288 3063

William P. Keith (Bar No. 270587)
Email: keith@dsmw.com
DUCKOR SPRALDING METZGER & WYNNE
101 West Broadway, Suite 1700
San Diego, CA 92101
Telephone: +1 619 209 3000
Facsimile: +1 619 209 3043

Attorneys for Plaintiff Sentynl Therapeutics, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sentynl Therapeutics, Inc., a California Corporation,<br><br>                    Plaintiff,<br><br>         vs.<br><br>U.S. Specialty Insurance Company, a Texas Corporation,<br><br>                    Defendant. | Case No.: 3:19-cv-01667-LAB-AHG<br><br>Honorable Larry Alan Burns<br>Magistrate Judge Allison H. Goddard<br><br>**RESPONSE TO U.S. SPECIALTY INSURANCE COMPANY'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Date:   June 22, 2020<br>Time:  11:30 a.m.<br>Place:  Courtroom 14A<br>REQUEST FOR ORAL ARGUMENT |

Sentynl Therapeutics, Inc. ("Sentynl") submits this brief response to U.S. Specialty Insurance Company's ("U.S. Specialty") Notice of Supplemental Authority.

The Ninth Circuit did not designate *U.S. TelePacific v. U.S. Specialty*, 2020 WL 3265238 (9th Cir. June 17, 2020), for publication.  Per Ninth Circuit Rule 36-3, therefore, U.S. Specialty's supplemental authority is "not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion."  *Compare* ECF No. 41-1 at 8-9 (citing precedential Ninth Circuit authority on this issue).

Even if the Ninth Circuit had designated *TelePacific* as precedential, the decision is not inconsistent with Sentynl's arguments.  *See* ECF No. 51 at 1-3 ("Even the cases U.S. Specialty cites confirm that Sentynl must bring the Claim 'within the basic scope of coverage' and, if it does, U.S. Specialty must pay defense costs until it can 'establish the claim is specifically excluded.'").  In *TelePacific*, the Ninth Circuit denied coverage because the court concluded the insurer definitively proved exclusions barred coverage; as such, there was no actual or potential coverage.  *See TelePacific*, 2020 WL 3265238, at *1-2; *compare* ECF No. 51-1 at 7-10 (explaining U.S. Specialty has not met its burden to prove an exclusion bars coverage).

Sentynl is prepared to provide more detailed supplemental briefing on this or any other issue if requested by the Court.

DATED:  June 18, 2020          By: /s/ *Amber Finch*
                                   Amber S. Finch
                                   Courtney C.T. Horrigan (*admitted pro hac vice*)
                                   Dominic I. Rupprecht (*admitted pro hac vice*)
                                   William P. Keith
                                   *Attorneys for Plaintiff Sentynl Therapeutics, Inc.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware