UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENTYNL THERAPEUTICS, INC.,<br><br>                           Plaintiff,<br><br>v.<br><br>U.S. SPECIALTY INSURANCE COMPANY,<br><br>                          Defendant. | Case No.:  3:19-cv-1667-LAB-AHG<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND DEADLINE FOR COMPLETION OF EXPERT WITNESS DISCOVERY**<br><br>**[ECF No. 67]** |

Before the Court is the parties' Joint Motion to Extend Deadline for Completion of Expert Witness Discovery. ECF No. 67. The parties seek an order from the Court extending the deadline to complete expert discovery by approximately two weeks. *Id*. at 2.

Parties seeking to continue deadlines must demonstrate good cause. Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see also* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

"Good cause" is a non-rigorous standard that has been construed broadly across

procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the parties have represented to the Court that they have encountered scheduling conflicts in scheduling the depositions of multiple proffered experts. ECF No. 67 at 3. The parties also represent that they have scheduled their remaining expert depositions for September 8 and September 18. ECF No. 67-1 at 2. As such, the parties request a 15-day extension of the expert discovery deadline, originally scheduled for September 3, and do not seek to modify any other deadlines in the case. ECF No. 67 at 2–3.

The Court finds good cause to grant the request. Therefore, the Court **GRANTS** the motion as follows:

1. All expert discovery shall be completed by all parties by **September 18, 2020**. The parties shall comply with the same procedures as set forth in the paragraph in the Scheduling Order governing fact discovery. *See* ECF No. 23 at ¶ 2.

2. All other dates, deadlines, and procedures set forth in the Scheduling Order (ECF No. 23) remain in place, except as explicitly modified by this Order.

**IT IS SO ORDERED.**

Dated: August 19, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge