**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SENTYNL THERAPEUTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. SPECIALTY INSURANCE CO.,<br><br>Defendants. | CASE NO. 19cv1667-LAB-AHG<br><br>**ORDER:**<br><br>1) **DENYING WITHOUT PREJUDICE USSI's APPLICATION FOR LEAVE TO FILE UNDER SEAL [Dkt. 52];**<br>2) **DENYING WITHOUT PREJUDICE USSI's APPLICATION FOR LEAVE TO FILE UNDER SEAL [Dkt. 65];**<br>3) **GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART SENTYNL'S APPLICATION FOR LEAVE TO FILE UNDER SEAL [Dkt. 74]**<br>4) **DENYING WITHOUT PREJUDICE USSI'S APPLICATION FOR LEAVE TO FILE UNDER SEAL [Dkt. 77]**<br>5) **DENYING WITHOUT PREJUDICE SENTYNL'S APPLICATION FOR LEAVE TO FILE UNDER SEAL [Dkt. 81]** |

Plaintiff Sentynl Therapeutics ("Sentynl") and Defendant U.S. Specialty Insurance Company ("USSI") have filed separate Consent Ex Parte

Applications seeking leave to file various documents under seal. (Dkt. Nos. 52, 65, 74, 77, 81.) While the parties provide compelling reasons to protect the identities of non-litigants, they fail to justify shielding the remaining information from public view. The Motions are **DENIED WITHOUT PREJUDICE** except Dkt. 74, which is **DENIED WITHOUT PREJUDICE IN PART AND GRANTED IN PART** as to Hercz Exs. B and C to Sentynl's Cross-Motion for Summary Judgment, the public versions of which redact only non-party personal identifying information.

## STANDARD OF REVIEW

Each of the motions to seal was filed in connection with a dispositive motion—either a motion for judgment on the pleadings or a motion for summary judgment. Accordingly, they are subject to a stricter standard than that applied to nondispositive motions. *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1118-19 (9th Cir. 2012). The standard here requires the movant to provide "compelling reasons" for sealing the record in order to overcome the "strong presumption in favor of access to court records." *Id.* at 1119 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1129 (9th Cir. 2003)). The Court can only find compelling reasons to seal where those reasons are supported with specific facts. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal marks and citation omitted).

## DISCUSSION

### I. Exhibits to USSI's Opposition to Sentnyl's Motion for Judgment on the Pleadings (Dkt. 52)

USSI first asks to seal exhibits to its opposition to Senynl's motion for judgment on the pleadings. It argues that the exhibits are confidential and sensitive because they contain discussions between Sentynl and a third-party insurance broker "contain[ing] confidential and sensitive information to

Sentynl's insurance policies and the non-public [DOJ] investigation for which Sentynl is seeking coverage." (Dkt. 52 at 3.)

This is the extent of USSI's argument, and it doesn't include specific facts establishing a compelling reason that the documents should be sealed. The documents may be related to a non-public investigation, but they discuss a wholly public part of that investigation: subpoenas filed on the public docket, redacting only information not discussed in the exhibits in question. (*See, e.g.,* Dkt. 51-1 at 10-31.)[1] The Motion is **DENIED WITHOUT PREJUDICE**. (Dkt. 52.)

## II. Memorandum and Exhibits in Support of USSI's Motion for Summary Judgment (Dkt. 65)

USSI next asks for leave to file under seal its unredacted memorandum in support of its motion for summary judgment and Pettey Exs. B and D and Bailey Exs. A, B, D, E, G, H, I, J, K, L, M, N, O, and P in support of that motion.

### A. *Documents the Parties Designated as Confidential*

Those exhibits, it argues, were either designated as "CONFIDENTIAL" pursuant to a Protective Order or "contain or reflect confidential information Sentynl provided pursuant to a pre-suit confidentiality agreement." (Dkt. 65 at 2.) In either case, the confidentiality designation comes from the parties—it doesn't signify a court's determination that there are compelling reasons to shield the documents from public view while nevertheless considering them in connection with a dispositive motion. The Court can't delegate its role as guardian of the public's interest in access by deferring to the parties' determination that documents are confidential. *See Foltz*, 331 F.3d at 1136

---

[1] In briefing on other motions addressed by this Order, the parties argue that such conversations could prejudice Sentynl's defense or reveal confidential information about the investigation. Those arguments fail, too, for the reasons discussed below in connection with those other motions.

("[T]he presumption of access is not rebutted where, as here, documents subject to a protective order are filed under seal as attachments to a dispositive motion").

Even if a party properly designated a document as "CONFIDENTIAL" under the Protective Order, that designation indicates only a "good faith belief [that] the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party or could reveal otherwise confidential, proprietary, or sensitive non-public information." (Dkt. 29.) This rough approximation of Rule 26(c)(1)(G) might amount to good cause. *Foltz*, 331 F.3d at 1138. But even had the Court found that the documents fall within that Rule, mere good cause isn't enough to satisfy the stricter "compelling reasons" standard applicable here. *See Kamakana*, 447 F.3d at 1180.

### B. *Documents Discussing the Subpoena and Insurance Coverage Issues*

Bailey Exs. B, D, and E, USSI contends, "are either e-mails between Sentynl and Marsh or internal Marsh e-mails . . . [that include] their initial interpretations of the subpoena and identify insurance coverage issues relating to same." (Dkt. 65 at 3.) As discussed *supra*, Section I, this line of argument can't stand as a compelling reason to seal without supporting facts. And as before, USSI doesn't provide any.

In this instance, though, Sentynl's counsel adds that disclosure of USSI's filings might prejudice Sentynl's defense of the investigation, risk disclosing confidential government information, "negatively impact [its] commercial standing," and "risk[] unfairly, improperly, and incorrectly suggesting that Sentynl . . . committed wrongdoing." (Dkt. 65 at 4.) The latter two concerns amount to "a litigant's embarrassment, incrimination, or exposure to further litigation," and they won't justify sealing records filed in

support of a dispositive motion without more. *Kamakana*, 447 F.3d at 1179. The parties provide nothing more of substance. Prejudice to defense of an ongoing investigation and disclosure of potentially confidential government information might constitute compelling reasons, but even if they are, they must still be supported with specific facts. The bare assertion that some of the information among hundreds of pages is "likely to materially prejudice Sentynl's ongoing defense of the investigation [or] risk[] disclosure of confidential government information regarding the investigation" isn't specific enough to support a finding of compelling reasons to permit filing all or any of them under seal.

Moreover, the record currently before the Court gives no reason to believe that these documents, subject to the Civil Rules' disclosure requirements, aren't also subject to DOJ's subpoena power. Indeed, the DOJ appears to have sought documents like these, and Sentynl may have already produced them. (*See* Dkt. 64-4 at 14 (subpoena purporting to require production of "[a]ll Documents related to any . . . federal investigation(s)" and "any lawsuit(s)" "related to Levorphanol and/or Abstral, including but not limited to all related communications").) Of course, the fact of the request doesn't demonstrate that the documents *have* been produced. The documents may not be covered by the request, Sentynl may have objected, DOJ may have narrowed its request since issuing the subpoena, and documents created after the subpoena's compliance date may not have been produced. But these unknowns only underscore the absence of specific facts that could support a finding of compelling reasons to seal.

C. *Non-Party Personal Identifying Information*

USSI argues that non-parties' personal identifying information in numerous exhibits should be redacted from public filings. Because that

information connects the individuals to a criminal investigation of a high-profile issue, the Court finds that public disclosure of the non-parties' names runs a substantial risk of exposing those individuals to harassment.[2] Avoidance of this risk is a compelling reason outweighing the public's interest in disclosure. *See, e.g., United States v. Mayers*, 2017 WL 2215805 (W.D. Wash. May 19, 2017) (permitting third-party identifying information to be filed under seal); *Romero v. County of Santa Clara*, 2014 WL 12641990 (N.D. Cal. Jun. 17, 2014) (same).

### D. *USSI's Memorandum*

Finally, USSI seeks leave to file under seal its unredacted Memorandum in Support of its Motion for Summary Judgment "for the same reasons [it] seeks leave to file the exhibits in question under seal." Because those reasons (with the exception of non-party personal identifying information) are insufficiently supported as to the exhibits, they won't justify sealing the Memorandum, either.

While redaction of non-party personal identifiers is warranted, no document USSI seeks to file under seal in connection with this Application redacts *only* such properly-redacted information. Accordingly, the Motion is **DENIED WITHOUT PREJUDICE** as to each document it addresses.

### III. Memorandum and Exhibits in Support of Sentynl's Response to USSI's Motion for Summary Judgment and in Support of Senytnl's Cross-Motion for Summary Judgment (Dkt. 74)

Sentynl has likewise moved its unredacted Memorandum in response to USSI's Motion for Summary Judgment and in support of Sentynl's own Cross-Motion for Summary Judgment, Exs. B, C, D, and F to the Declaration

---

[2] The subpoenas state that they seek documents "in the performance of the responsibility of the U.S. Department of Justice to investigate Federal health care offenses as defined in 18 U.S.C. § 24(a)," a criminal statute defining that term with reference to other offenses carrying criminal penalties. (*See, e.g.,* Dkt. 64-3 at 25, 71.)

of Michael G. Hercz, and Exs. B and C to the Declaration of Dominic I. Rupprecht.

Sentynl contends that Hercz Exs. B and C contain personal identifying information of Sentynl's former employees and that they should be redacted to protect them from potential harassment. As discussed *supra*, Section II(C), this consideration forms a compelling reason warranting sealing of the non-parties' personal identifying information.

Sentynl's remaining arguments, which relate to Hercz Exs. D and F and Rupprecht Exs. B and C, are limited to those already discussed: they contain information that the parties designated as confidential and/or they could "severely prejudice Sentynl's defense." (Dkt. 74 at 2.) And, as already discussed, these arguments don't provide the Court with specific facts on which to base a finding of compelling reasons—particularly in light of the subpoena's direction that Sentynl produce categories of documents that appear to include these documents.

## IV. Consolidated Reply and Opposition and Exhibits in Support of USSI's Motion for Summary Judgment and in Opposition to Sentynl's Cross-Motion (Dkt. 77)

USSI also asks the Court to seal: (1) Its Memorandum replying in support of its Motion for Summary Judgment and opposing Sentynl's Cross-Motion for Summary Judgment; and (2) Exs. Q, V, W and X to the Supplemental Declaration of Joseph A. Bailey III. USSI offers the same broad reasoning that it advanced in its previous applications to seal. It argues that the documents in question contain sensitive information that the parties designated as confidential, their disclosure might harm Sentynl's defense of the investigation, and they include "confidential communications . . . [with] the government." (Dkt. 77 at 3.) For the reasons discussed above, the

/ / /

parties' declaration of confidentiality isn't entitled to deference, nor do conclusory statements of non-specific harm suffice without factual support.

The Application is **DENIED WITHOUT PREJUDICE**. (Dkt. 77.)

## V. Reply in Support of Sentynl's Cross-Motion for Summary Judgment and Opposition to Defendant's Objection to Plaintiff's Evidence (Dkt. 81)

In its last Application seeking leave, Sentynl moves to seal the unredacted versions of its reply in support of its Cross-Motion for Summary Judgment and its Opposition to USSI's evidentiary objection. These documents, it argues, should be sealed "for the same reasons that Sentynl previously sought leave to file the exhibits in question under seal" without further elaboration or facts. (Dkt. 81 at 2-3.) For the same reasons the Court denies those other requests, it **DENIES** this one **WITHOUT PREJUDICE**, too. (Dkt. 81.)

## CONCLUSION

For the reasons stated above:

1) USSI's application for leave to file under seal Exs. C and D to its Opposition to Sentynl's Motion for Judgment on the Pleadings, (Dkt. 52), is **DENIED WITHOUT PREJUDICE**. The Clerk is ordered to **STRIKE** the sealed documents, (Dkt. 53 and 54), from the docket;

2) USSI's application for leave to file under seal its Memorandum and certain exhibits in support of its Motion for Summary Judgment, (Dkt. 65), is **DENIED WITHOUT PREJUDICE**. The Clerk is ordered to **STRIKE** the sealed documents, (Dkt. 66), from the docket;

3) Sentynl's application for leave to file under seal its Memorandum and certain exhibits in support of its Response to USSI's Motion for Summary Judgment and in support of its Cross-Motion for Summary

Judgment, (Dkt. 74), is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**. Hercz Exs. B and C, (Dkt. 75-1 and 75-2), may be filed under seal. The Clerk is ordered to **STRIKE** the remaining sealed documents, (Dkt. 75, 75-3, 75-4, 75-5, and 75-6), from the docket;

4) USSI's application for leave to file under seal its Consolidated Reply and Opposition and exhibits thereto, (Dkt. 77), is **DENIED WITHOUT PREJUDICE**. The Clerk is ordered to **STRIKE** the sealed documents, (Dkt. 78), from the docket;

5) Sentynl's application for leave to file under seal its Reply in support of its Cross-Motion for Summary Judgment and its Opposition to USSI's evidentiary objection, (Dkt. 81), is **DENIED WITHOUT PREJUDICE**. The Clerk is ordered to **STRIKE** the sealed documents, (Dkt. 82 and 83), from the docket.

Pursuant to Paragraph 12 of the Protective Order, the parties may renew their motions or file the documents in the public docket on or before **March 12, 2021**.

IT IS SO ORDERED.

DATED: March 1, 2021

Hon. Larry A. Burns
United States District Judge